## UNITED STATES v. BIRDSALL.

(District Court, N. D. Iowa, E. D. March 28, 1912.)

Nos. 4,147, 4,148.

BRIBERY (§ 1*)—OFFENSES.

One paying money to a person acting for the United States in an official function to influence his official action in a matter over which he is not charged with any official or other duty is not guilty of bribery, punishable by Pen. Code. § 39 (Act March 4, 1909, c. 321, 35 Stat. 1096 [U. S. Comp. St. Supp. 1911, p. 1600]).

[Ed. Note.—For other cases, see Bribery, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*]

Indictment against W. N. Birdsall for bribery. Demurrer to each indictment sustained.

H. J. Bone, Sp. Asst. U. S. Atty.
Mullan & Pickett, H. B. Boies, and Hurd, Lenehan & Kiesel, for defendant.

REED, District Judge. These indictments, respectively, charge the defendant Birdsall with having paid Van Wert and Brents, the defendants in the two indictments just decided, the amounts alleged to have been accepted by them, respectively, in those indictments, with intent to have their official actions as alleged therein influenced thereby. The amounts alleged in these indictments to have been paid by Birdsall to Van Wert and Brents are alleged to have been paid in violation of section 39 of the Penal Code, with intent to influence the official action or duty, respectively, of Van Wert and Brents in matters pending before them in their official capacity, which said action or duty so intended to be influenced is alleged in these indictments to be exactly the same as that alleged in the indictments against Van Wert and Brents. As it is held in the respective indictments against Van Wert and Brents that they were not charged with any official or other duty to investigate and determine whether or not the con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

victed persons were entitled to executive clemency and report thereof to the Bureau of Indian Affairs, it follows that the defendant Birdsall committed no *criminal* offense in paying the sums alleged in these indictments to have been paid by him to Van Wert and Brents with intent to influence their said actions. Whatever may be said of the conduct of the respective defendants in these several indictments, as alleged therein, such conduct was not *a crime* against the United States, and cannot be punished as such.

The demurrer to each of the indictments against Birdsall must therefore be sustained, and it is so ordered.